UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-20 |
| ANTONIO NEVEAUX, ET AL. | SECTION: "E" (2) |

ORDER AND REASONS

Before the Court is the Government's motion *in limine* to admit Defendant Antonio Neveaux's factual basis and his inculpatory statements pursuant to a Rule 410(a) waiver.[1] The motion is opposed.[2]

The Government seeks to introduce a factual basis signed by Neveaux and his then-attorney Ike Spears and statements and admissions Neveaux made during, or as a result of, plea negotiations.[3] Neveaux signed a plea agreement and factual basis, but never appeared before a district court judge for re-arraignment to receive a Rule 11 colloquy. The Government argues the plea agreement contained a waiver of Neveaux's protections under Federal Rule of Evidence 410.[4] The waiver language in the plea agreement provides:

> In an effort to resolve this matter in a timely fashion and show good faith, the defendant has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence. Therefore, if the defendant chooses to rescind his plea agreement after he has signed this document and the accompanying factual basis and thereafter maintains his plea of not guilty, the Government has the right to use this plea agreement and the defendant's admitted factual basis as an admission of his guilt to the charged offenses in the Government's case-in-chief of the trial in the above referenced matter. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations

---

[1] R. Doc. 127.
[2] R. Doc. 137.
[3] R. Doc. 127-1.
[4] *Id.* at 1–2.

>or as a result of plea agreements, but knowingly and voluntarily waives that protection and those rights afforded by Rule 410 as stated above.

Neveaux argues the factual basis and related statements are inadmissible under Rule 410 and Federal Rule of Criminal Procedure 11 because he withdrew his guilty plea[5] and he did not knowingly and voluntarily waive his Rule 410 or Rule 11 protections.[6]

Federal Rule of Evidence 410(a) provides "[i]n a civil or criminal case, evidence of the following is not admissible against a defendant who made the plea or participated in plea discussions: (1) a guilty plea that was later withdrawn; (2) a nolo contendere plea; (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea."[7] Federal Rule of Criminal Procedure Rule 11(f) provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410."[8]

Rules 410 and 11, however, are not without limits. The Supreme Court in *U.S. v. Mezzanatto* held a criminal defendant may waive the protections of Rules 410(a) and 11(f) for the purposes of impeachment if the waiver is explicit, knowing, and voluntary.[9] The Fifth Circuit, in *U.S. v. Sylvester*, extended *Mazzanatto*'s holding, allowing the use of plea agreements and related statements in the government's case-in-chief when the criminal defendant has waived his objection to their admissibility under Rules 410(a) and 11(f).[10]

---

[5] R. Doc. 137 at 2–3.
[6] *Id.* at 4–6.
[7] FED. R. EVID. 401(a).
[8] FED. R. CRIM. PROC. 11(f).
[9] *United States v. Mezzanatto*, 513 U.S. 196 (1995).
[10] *United States v. Sylvester*, 583 F.3d 285, 289 (5th Cir. 2009).

Plea agreements are construed "like a contract, seeking to determine the defendant's reasonable understanding of the agreement and construing ambiguity against the Government."[11]

The Court finds the plea agreement signed by Neveaux to be ambiguous. The plea agreement states the defendant "voluntarily waives [his right to be charged by a grand jury indictment] and agrees to allow the Government to charge him by way of a *one count* bill of information."[12] Later, the agreement states Neveaux "has agreed to plead guilty to Count 1 and 2 of the Bill of Information."[13] Apparently, no bill of information had been drafted at that time.[14] The agreement then proceeds to fully describe the nature and penalties associated with Count 1.[15] Next, the Government describes the penalties under 18 U.S.C. § 924(c), apparently in an attempt to describe Count 2, but the agreement instead refers again to Count 1. The Court finds the plea agreement is ambiguous and it is not clear to which charges Neveaux pleaded guilty. Because the plea agreement was ambiguous, it is invalid in its entirety. As a result, Neveaux's waiver of his Rule 410 rights included in the plea agreement is also invalid. Because the Court finds the waiver of Neveaux's Rule 410 rights is invalid, the Government may not introduce the factual basis and related admissions at trial.[16]

---

[11] *United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014); *see also United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008) ("[A] plea agreement is construed strictly against the Government as the drafter."); *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) ("The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant's right[s][.]").
[12] R. Doc. 127-2 at 4 (emphasis added).
[13] *Id.* at 5.
[14] Upon review of the docket in this case, the Court is unable to locate the bill of information referenced in Neveaux's plea agreement. The Government has not provided the Court will a copy of the bill of information.
[15] R. Doc. 127-2 at 5.
[16] The Court also notes that since the signing and subsequent withdrawal of Neveaux's plea agreement and factual basis, Neveaux was found incompetent to stand trial and was sent to a medical facility. After months of treatment, Neveaux was found competent to stand trial. *See* R. Doc. 107.

Accordingly;

**IT IS ORDERED** that the Government's motion *in limine*[17] to admit Antonio Neveaux's factual basis and related statements is **DENIED**.

**New Orleans, Louisiana, this 5th day of December, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 127.