UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-20 |
| ANTONIO NEVEAUX | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Compassionate Release by Petitioner Antonio Neveaux filed on June 17, 2020.[1] Neveaux asks the Court either to reduce his sentence or place him in home confinement, based on concerns arising from the COVID-19 pandemic.[2] For the following reasons, Neveaux's motion is **DENIED**.

## BACKGROUND

Neveaux sold cocaine base, conspired with others to do so, and illegally possessed firearms in furtherance of drug trafficking.[3] Following his arrest, he sought to obstruct justice by attempting to persuade a witness to provide false information to law enforcement officials.[4] On August 8, 2017, Neveaux was found guilty by this Court of conspiracy to possess with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k); and

---

[1] R. Doc. 264. The Government opposes Neveaux's Motion. R. Doc. 267. Neveaux has replied to the Government's Response in Opposition. R. Doc. 270.
[2] R. Doc. 264.
[3] R. Doc. 243 at ¶ 16-22.
[4] *Id.* at ¶ 27.

1

possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i).[5]

On November 15, 2017, Neveaux was sentenced to a total term of 138 months imprisonment.[6] He currently is serving his time at the low-security Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City-Low").[7] He has served over 58% of his sentence.[8] As of the date of this Court's order, of the total inmate population of 1,817, FCI Forrest City-Low reports 15 inmates and 3 staff members with active cases of COVID-19.[9]

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[10] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[11] Neveaux has not presented extraordinary and compelling reasons justifying a reduction in his sentence. Even if he had, consideration of the § 3553(a) factors convince the Court Neveaux is not entitled to compassionate release.

---

[5] R. Doc. 247.
[6] *Id.*
[7] R. Doc. 267 at 1; R. Doc. 270 at 1.
[8] R. Doc. 267 at 1.
[9] *COVID-19 Coronavirus*, U.S. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 17, 2020). 660 inmates at FCI Forrest City-Low have recovered from COVID-19.
[10] 18 U.S.C. § 3582(c).
[11] R. Doc. 270 at 1.

**I.     Neveaux has exhausted administrative remedies.**

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) are met.[12] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[13] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In this case, Neveaux filed a request for compassionate release and reduction in sentence under § 3582(c)(1)(A) with Warden DeWayne Hendrix of FCI Forrest City-Low on May 19, 2020.[14] His request was denied on June 11, 2020.[15] The Government does not admit Neveaux has met the exhaustion requirements of § 3582(c)(1)(A) but does not argue that his request should be denied on this basis.[16] The Court finds Neveaux has properly exhausted his administrative remedies and will now evaluate his request for compassionate release on the merits.

**II.    Neveaux must present "extraordinary and compelling reasons" warranting a reduction in sentence.**

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17] The United States Sentencing Commission's relevant

---

[12] 18 U.S.C. § 3582(c)(1)(A).
[13] *Id.*
[14] R. Doc. 267-1.
[15] *Id.*
[16] *See* R. Doc. 267 at 6. The Government discusses administrative exhaustion, but notably forgoes any objections to Neveaux's satisfaction of this requirement.
[17] 18 U.S.C. § 3582(c)(1)(A)(i).

3

policy statement, found in Section 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

1. Extraordinary and Compelling Reasons.— Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.— The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[18]

Neveaux bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[19] In this case, Neveaux is not suffering from a terminal illness and is not yet 65 years old.[20] He does not argue any family circumstances that might warrant a reduction of his sentence.[21] Subsections (A), (B), and (C) are not at issue. Only Subsection (D) of the policy statement is relevant in this case.

Subsection (D) requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The policy statement in the Sentencing Guidelines Manual, last amended on November 1, 2018, has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons.*"[22] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[23]

---

[18] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[19] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").
[20] R. Doc. 264. Neveaux is 47 years old.
[21] *Id*; R. Doc. 270.
[22] *Id.* § 1B1.13 cmt. n.4.
[23] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]" under that subsection.[24] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[25] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[26] The Court need not decide this conflict in order to resolve the instant motion for compassionate release. For the reasons discussed below, even if both the Court and the BOP may determine what additional circumstances constitute "extraordinary and

---

[24] *See, e.g., United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[25] *Brown*, 2019 WL 4942051, at *3.
[26] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").

6

compelling" circumstances under the catchall provision, Neveaux is not entitled to compassionate release.

Neveaux argues extraordinary and compelling reasons are present for compassionate release because of the potential risks a COVID-19 infection may have on his health.[27] The Government argues Neveaux has not met the burden of demonstrating how his medical conditions are "serious enough to entitle him to a sentence reduction."[28] In the instant motion, Neveaux alleges he is at a "high risk" for contracting COVID-19 due to his "medical conditions," but fails to state what they are.[29] In his reply, Neveaux alleges he suffers from anemia and hypertension, but fails to provide supporting medical documentation for either condition.[30]

Anemia is not on the Centers for Disease Control and Prevention's ("CDC") list of COVID-19 risk factors, and Neveaux has not met his burden of showing how this condition renders him particularly susceptible to COVID-19.[31] According to the CDC, individuals with hypertension may be at an increased risk for severe illness from COVID-19,[32] but Neveaux fails to provide medical documentation demonstrating he suffers from this condition or that BOP and prison staff are "not providing him with adequate medical care."[33] Further, this Court has previously held that hypertension, by itself, would not be an "extraordinary and compelling reason" for a reduction in sentence.[34]

---

[27] R. Doc. 264; R. Doc. 270 at 18.
[28] R. Doc. 267 at 11.
[29] R. Dog. 264.
[30] R. Doc. 270 at 17.
[31] CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2020).
[32] *Id.*
[33] *See United States v. Mazur*, No. CR 18-68, 2020 WL 2113613, at *3 (E.D. La. May 4, 2020) (finding the petitioner did not "allege that his medical conditions substantially diminish his ability to provide self-care in prison" and further failed to provide "any assertion that the BOP is not providing him with adequate medical care").
[34] *United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020).

The Court finds Washington has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[35] None of Neveaux's medical concerns persuade the Court he is particularly vulnerable to severe illness from COVID-19 so as to warrant a finding of "extraordinary and compelling" circumstances under Subsection (D) of the policy statement.

### III. Section 3553(a) factors weigh against reducing Neveaux's sentence.

Even if Neveaux had demonstrated "extraordinary and compelling" circumstances warranting a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582 because the § 3553(a) factors weigh heavily against his release.

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[36]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to the similarity of the factors. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors related to whether a petitioner is a danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal

---

[35] *See United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (denying a motion for compassionate release because general concerns regarding the virus did "not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13").
[36] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).

history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[37] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][38]

Having considered the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against Neveaux's request for compassionate release. The nature and circumstances of Neveaux's offenses weigh heavily in the Court's decision. In March 2012, Antonio Neveaux was observed by law enforcement exchanging four "rocks" of cocaine base for cash in a New Orleans parking lot.[39] Law enforcement observed a second transaction take place before they approached Neveaux.[40] Law enforcement eventually found a Taurus .45 caliber semi-automatic pistol, a GSG-5PK .22 caliber semi-automatic pistol, and bags of cocaine base in Neveaux's vehicle.[41] A few months after his arrest, Neveaux instructed a purchaser of his cocaine base to provide law enforcement false information about the

---

[37] 18 U.S.C. § 3142(g).
[38] 18 U.S.C. § 3553(a).
[39] R. Doc. 243 at ¶ 16.
[40] *Id.* at ¶ ¶ 17-18.
[41] *Id.* at ¶ ¶ 18-19.

9

transaction.[42] Specifically, he told her to claim the transaction was for cat food and water, not cocaine base.[43] Neveaux was a dealer responsible for at least 90.8 grams of cocaine base and the lead conspirator in the charged offenses.[44]

The Court finds a reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, consideration of the § 3553(a) factors convince the Court Neveaux is not entitled to compassionate release.

### IV. Neveaux's Request for Release to Home Confinement under 18 U.S.C. § 4205(g) is Denied

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A), Neveaux alternatively seeks a reduction in his sentence under 42 U.S.C. § 4205(g) that would allow him to serve the remainder of his custodial term in home confinement.[45]

18 U.S.C. § 4205(g) states: "At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."[46] The Court has not received such a motion from the Bureau of Prisons, so the aforementioned statute is not applicable in the instant matter.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[47] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[48] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may

---

[42] *Id.* at ¶ 20.
[43] *Id.*
[44] *Id.* at ¶ 23.
[45] R. Doc. 264.
[46] Emphasis added.
[47] *See* Fed. R. Crim. P. 35.
[48] 18 U.S.C. § 3621(b) (emphasis added).

10

release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[49] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[50]

Because Neveaux seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[51] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Neveaux is incarcerated. Neveaux is incarcerated in Forrest City, Arkansas. Thus, any such motion must be brought in the United States District Court for the Eastern District of Arkansas, which encompasses Forrest City, Arkansas.

As a result, the Court must deny the instant motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Neveaux to home confinement.

## **CONCLUSION**

**IT IS ORDERED** that Antonio Neveaux's motion for compassionate release and, alternatively, his motion for release on home confinement, is **DENIED**.[52]

---

[49] 18 U.S.C. § 3622 (emphasis added).
[50] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[51] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[52] R. Doc. 264.

**IT IS FURTHER ORDERED** that, in addition to serving a copy of this order to Neveaux, the Clerk of Court shall serve a copy of the Government's Opposition[53] by regular mail addressed to him at the following address:

Antonio Neveaux
#32390-034
Forrest City Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 8000
Forrest City, AR 72336

**New Orleans, Louisiana, this 17th day of August, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[53] R. Docs 267 and 267-1.